**GRAVIER et, Plaintiffs-Appellants, v. GLUTH, Extrx., Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22964. Decided May 12, 1954.

John J. Tetlow, William J. Tetlow, J. J. Sheehan, F. C. Duffy, Cleveland, for plaintiffs-appellants.

Deibel, Elbrecht & Roberts, Cleveland, for defendants-appellees.

## OPINION

By HURD, PJ.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of this county, granting a motion to dismiss plaintiff's amended petition to contest a will, on the ground of want of jurisdiction. The judgment of the trial court was based upon the allegations of the amended petition, the docket and journal entries, there being no bill of exceptions.

Edwin W. Bechler died August 18, 1950, leaving a will in which he named defendant Gluth as the executrix, and defendant Edith N. Boll the sole legatee and devisee. The will was admitted to probate on Sept. 8, 1950. On February 27, 1951, three persons, Leona Gravier, Anna Bechler and Charles P. Bechler filed a petition to contest the will. They named Catherine Gluth. Executrix of the will and Edith M. Boll, legatee of the will, as parties defendant and they also named Mary Fredette, Arthur Faenrich and Emil Faenrich as parties defendant.

The petition alleged that the three plaintiffs and the last named three defendants were the only heirs-at-law and next of kin of the testator. With the petition, plaintiffs filed a precipe directing summons to be issued and served on the executrix and on the legatee-devisee. The precipe was silent as to other three defendants. Summons was issued for and served on the executrix and legatee-devisee, but no summons was served on the other three defendants; neither did the other three defendants either then or at any time thereafter, waive service of summons or enter appearance in the case as defendants. There was no constructive service on the unknown heirs-at-law of the testator and any known heirs, not above mentioned, were not at any time made parties to the suit.

On January 15, 1953, 27 months after probate of the will, an entry was made on the docket, reading as follows:

"Leave granted plaintiffs to amend caption of petition."

Pursuant to such leave, there was written in ink in the caption of the original petition, the following:

"Additional parties plaintiff: Margaret Bechler, Berlin, Germany; Martha Bechler, Berlin, Germany; Lucy Bechler, Berlin, Germany; Anna Bechler Cullman, Alabama; John Bechler Cullman, Alabama; Ernest Bechler, Berlin, Germany; Arthur Faenrich, 8216 Rosewood Avenue, Cleveland,

Ohio; Emil Faenrich, 10215 Robinson Avenue, Cleveland, Ohio; Mary Fredette, 7719 Detroit Avenue, Cleveland, Ohio; Erika Bechler, Berlin, Germany; Eckart Bechler, Berlin, Germany; Elfa Bechler, Berlin. Germany."

At the time of such leave and of such amendment of the caption by interlineation, the body of the petition was not amended, either by filing an amended petition, or by interlineation, or otherwise. Nothing then appeared in the petition disclosing whether "additional parties plaintiff" had any interest in the action.

Thereafter, defendant, Edith M. Boll, moved to require the petition to be made definite and certain to show the interest, if any, of the new parties plaintiff. In amending the caption the original three defendants, namely, Mary Fredette, Arthur Faenrich and Emil Faenrich, had been transferred from the defendant side of the case to the plaintiff side under the caption of "additional parties plaintiff," thereby leaving as the only remaining defendants the Executrix and the legatee-devisee

On March 31, 1953, the motion to make definite and certain was granted and on April 17, 1953, thirty months after the probate of the will, an amended petition was filed; the three original plaintiffs and the three original defendants, plus nine other persons, were then named as plaintiffs. Thereafter, the defendant executrix and the defendant legatee-devisee filed a motion to dismiss the action for want of jurisdiction. The trial court treated the motion to dismiss as a demurrer and sustained the same. On rehearing, the trial court refused to vacate the order of dismissal.

Under this state of the record, the sole question presented for our determination is, "Did the trial court err in dismissing the action for want of jurisdiction?"

Sec. 2741.09 R. C. (§12087 GC), so far as applicable, provides:

"Limitation of Action to Contest Will: An action to contest a will or codicil shall be brought within six months after it has been admitted to probate * * *."

Likewise §2107.23 R. C. (§10504-32 GC) provides:

"Contest of Will within Six Months. Exceptions. If within six months after a will has been admitted to probate, no person files an action to contest the validity of a will, the probate shall be forever binding, except * * *." (Exceptions not material in this case.)

Sec. 2741.02 R. C. (§12080 GC) originally enacted in 1878 provides:

"Necessary Parties: All the devisees, legatees and heirs of the testator, and other interested persons, including the executor and administrator must be parties to an action under §2741.01 R. C."

Appellants here contend that the principle enunciated in Bradford v. Andrews, 20 Oh St 208, is here applicable, the first syllabus of which reads as follows:

"1. Where a proceeding for the contest of a will is commenced within the statutory period of limitation, although only part of the persons interested in the contest are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired."

However, in Peters v. Moore, 154 Oh St 177, Weygandt, C. J., speaking for an unanimous court, stated at page 182:

"A careful study discloses not only that at the time of the **Bradford** case decision in the year 1870, §12080 **GC**, had not been enacted, but that this section was not preceded by any similar statute. Hence, when the section was enacted in 1878, the provisions were new and of course were not under consideration in the Bradford case."

This brings us to a consideration of a series of decisions by the supreme court, which, in our opinion, require the affirmance of the judgment of the common pleas court in this case.

In **Case v. Smith, Admrx., 142 Oh St 95,** the Supreme Court approved and followed the cases of **McVeigh v. Fetterman, 95 Oh St 292,** and **McCord v. McCord, 104 Oh St 274,** as indicated in **Pars 1** and 4 of the syllabus, and for purposes of this discussion, we think it helpful to set forth the syllabus of Case v. Smith, as follows:

"1. No right exists to maintain an action to contest the validity of a will except as it is specifically provided by statute. **(McVeigh v. Fetterman, 95 Oh St 292,** approved and followed.)

"2. The provisions of the statute relative to an action to contest the validity of a will are mandatory: the enjoyment of the right is dependent upon compliance with the conditions and limitations therein contained.

"3. The sole beneficiary, under a will, who is neither an heir-at-law nor next of kin of the decedent, is not 'united in interest' with decedent's heirs-at-law or next of kin.

"4. An action to contest the validity of a will is not commenced as to the heirs-at-law of testator by service of summons upon such sole beneficiary within six months from the date of probate, where such sole beneficiary is neither an heir-at-law nor next of kin of decedent. **(McCord v. McCord, 104 Oh St 274,** approved and followed.)

"5. In such action, where none of the heirs-at-law, or next of kin, is served with summons, and no person 'united in interest' with them is served within six months from the date of probate there is a failure of compliance with §12080 **GC,** specifying who must be made parties, and the Court of Common Pleas is without jurisdiction to entertain such action."

The trial court, while commenting on the "logic and good sense" of Bradford v. Andrews, supra, expressed the view that Case v. Smith, supra, is now the controlling authority which should be followed in the instant case.

From the facts above noted, it will be observed that this six months limitation prescribed by §2741.09 **R. C.** (§12087 **GC**) terminated March 8, 1951.

It is here conceded that none of the heirs-at-law or next of kin were served with summons within the six months period, made a condition of limitation precedent for the right to sue, although three heirs-at-law were originally named as defendants. As in Case v. Smith, supra, only the sole beneficiary and the executrix were made parties and served with summons. In view of this factual situation, none of the heirs-at-law could be joined as defendants after the termination of the six months period because none were **united in interest** with the sole beneficiary and executrix as provided by §2305.17 **R. C.** (§11230 **GC**) which, insofar as applicable, provides as follows:

"An action shall be deemed commenced within the meaning of this chapter, as to each **defendant** at the date of summons, which is served upon him, or a **co-defendant** who is a joint contractor or otherwise **united in interest with him.**"

Faced with this dilemma, the original plaintiffs then sought to join the three heirs-at-law originally named as defendants but not served with summons, together with nine other heirs-at-law later discovered, as plaintiffs but long after termination of the six months period, on the theory that the said plaintiffs are united in interest with the original plaintiffs. This attempt is abortive, because there is no warrant for such action either by statute or at common law.

Sec. 2305.17 R. C. (§11230 GC) is unavailing to plaintiffs because by its express terms it is limited to defendants and co-defendants. There is no similar statutory provision favoring plaintiffs who may be united in interest. Had summons been issued upon the original heirs-at-law named as defendants, followed by service upon them, we would be confronted with an entirely different situation by reason whereof the nine heirs-at-law might be joined as co-defendants because united in interest as provided by §2305.17 R. C. (§11230 GC). However, as we do not have this question before us, it is not necessary to discuss or decide it. In any event, we are certain that the obvious jurisdictional defect in procedure cannot be cured by unseasonably transferring the three parties originally named as defendants, to the plaintiff's side of the petition and belatedly adding other heirs-at-law as plaintiffs.

We think this proposition has now been definitely and finally established by the Supreme Court, precluding this court from holding to the contrary, however much we might think it desirable to give all parties their day in court.

It is our conclusion that under the doctrine and authority of the cases of McVeigh v. Fetterman; McCord v. McCord, and Case v. Smith, supra, and the later cases of **Peters v. Moore, 154 Oh St 177** and **Bynner v. Jones. 154 Oh St 184,** to the same general effect, that the Court of Common Pleas did not err in dismissing the action for want of jurisdiction and the judgment must, therefore, be affirmed.

JUDGMENT AFFIRMED. Exceptions allowed to all proper parties. ORDER SEE JOURNAL.

SKEEL, J, concurs.

KOVACHY, J, dissents. (See dissenting opinion.)

## DISSENTING OPINION

By KOVACHY, J:

The facts are fully stated in the majority opinion.

The case of **Case v. Smith, 142 Oh St 95,** in my opinion, is not factually identified with the instant case. It is true in both cases, the heirs-at-law or next of kin commenced the action to contest the will against the sole beneficiary who was neither an heir-at-law or next of kin of the decedent, and the administratrix in one and the executrix in the other, as parties defendant and obtained service on these defendants within the time limitation required by law. However, in Case v. Smith, the heirs-at-law, or

next of kin, entered the lawsuit as parties defendant, whereas in the instant case, they entered as parties plaintiff.

It seems apparent therefore, in the case of Case v. Smith, that since no heir-at-law or next of kin was made a party defendant within six months from the date of probate of the will that no party defendant united in interest with the new defendants, was in the case and no action with respect to them had been properly commenced as required under §12080 GC (§2741.02 R. C.) and the Court of Common Pleas was without jurisdiction to proceed with the action.

In the instant case, on the other hand, the new parties plaintiff were united in interest with the original plaintiffs and the action was commenced in compliance with §§12087 and 12080 GC (§§2741.09 and 2741.02 R. C.), since it was instituted within six months after the date of probate of the will, with all classes of persons enumerated in the latter section made parties to the action either as plaintiffs or defendants, including the executrix.

The rule with respect to adding new parties plaintiff in a situation such as we have here, is stated in 8 American Law Reports 2d, p. 28, parag. 10, as follows:

"Where the attempt is made to add a new party plaintiff after the statute of limitations has run, the general rule is that where the original plaintiff seeks to enforce an independent right the amendment does not relate back and the defense of the statute of limitations is available against the added plaintiff, but that where the addition of the new party plaintiff is made necessary because of a failure in the first instance to join persons having a joint interest, the amendment relates back to the commencement of the original suit * * *."

The Supreme Court of Ohio applied the principle herein contended for by plaintiffs in the case of Snider's Extrx. v. Young, 72 Oh St 494, and states it in paragraph 1 of the syllabus:

"1. When some of the plaintiffs in a joint judgment are made parties defendant to a petition in error to reverse the judgment and their appearance in the proceeding has been effected by service of process or otherwise, within the statutory limit for commencing proceedings in error, the proceedings must be deemed commenced, not only as to such defendants, but also as to all other persons united in interest with them, so as to stop the running of the statute of limitations in favor of such other persons who are not made defendants."

See Baughman v. Hower, 56 Oh Ap 162.

The new plaintiffs herein were all united in interest with the original plaintiffs and consequently there was no attempt on their part to enforce an independent right. Their rights were consonant with and identical to those asserted by the original plaintiffs in the petition filed by them in this case. It is fortunate for these original plaintiffs that they were able to obtain the consent of all the new parties to be made plaintiffs, because only by such procedure were they able in this case to bring them into the lawsuit, under authority of §12056 GC (§2737.07 R. C.), since under the circumstances they could not have been brought in as defendants after the lapse of six months from the date of probate.

Sec. 11256 GC (§2307.20 R. C.) reads:

552

"Parties who are united in interest must be joined as plaintiffs or defendants. If the consent of one who should be joined as plaintiff can not be obtained, or, he is insane, and the consent of his guardian is not obtainable, or he has no guardian and that fact is stated in the petition, he may be made a defendant."

The Supreme Court has held that rules of pleading not inconsistent with special statutes, are applicable in will contest cases. **Morton v. Fast, Exr., 159 Oh St 380, par. 1** of syllabus:

"The rules of pleading generally applicable in a civil action should be applied in a will contest except where they are inconsistent with special statutory provisions relating to such a contest."

It seems to me, therefore, that the trial court erred in holding that it was without jurisdiction to hear this case under the circumstances and facts of it and that the judgment rendered by it should be reversed.