CARNICOM, APPELLANT, *v.* MURPHY ET AL., APPELLEES.*

(No. 508—Decided April 23, 1956.)

Messrs. *Young & Young* and *Mr. John D. Starn,* for appellant.

Messrs. *Hull & Hawk,* for appellees.

DEEDS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Sandusky County, entered following the dismissal of the petition of plaintiff, appellant herein, in an action to contest the will of Burton J. Michaels, deceased.

Nea Bell Murphy, executrix of the estate of the decedent, as defendant, appellee herein, has filed and submitted her motion to dismiss the appeal for lack of jurisdiction.

The judgment entry dismissing the petition of plaintiff in the Court of Common Pleas was made and entered on September 27, 1955. Thereafter, within the time provided by law, on October 7, 1955, the plaintiff filed her motion seeking a vacation of the judgment and a new trial.

By journal entry filed and entered December 15, 1955, the motion to vacate the judgment and for a new trial was overruled.

Plaintiff filed notice of appeal December 30, 1955.

We determine that plaintiff perfected her appeal as re-

---

*Motion to certify the record overruled, October 10, 1956.

quired by law, and, therefore, the motion to dismiss the appeal is overruled.

The Court of Common Pleas dismissed the action to contest the will of the decedent, Burton J. Michaels, for want of jurisdiction, by reason of the failure of the plaintiff to make certain grandchildren parties in the action, although a number of the defendants who are grandchildren had been served with summons within the six months time period of limitation for a commencement of the action, following the date of the probate of the will.

The part of the will of the decedent in which the legatees and devisees appear, and the manner in which they should share in decedent's estate under the will, is as follows:

"(a) I give, devise and bequeath to my son Loyal T. Michaels the following described premises to be his absolutely and forever * * *. [Then follows the description of parcels of land containing 136 acres.]

"(b) I give, devise and bequeath the following real estate to wit: that part of the south half (1/2) of the southwest quarter (1/4) of section number twenty-one (21) lying west of a certain county road which runs north and south through said south half (1/2) of said quarter (1/4) section, excepting therefrom lands owned by the Pennsylvania R. R. Co., the premises hereby conveyed containing forty-six (46) acres of land, situated in the township of Jackson, county of Sandusky, and state of Ohio.

"To Ethel Marie Carnicom for and during the term of her natural life and upon her death to my grandchildren who were born in lawful wedlock, their heirs and assigns, provided that if at the time of my death or the death of the life tenant any grandchildren shall have died without issue such share shall go to the surviving grandchildren or their issue.

"(c) All the rest, residue and remainder of my property, I direct to be converted into cash by my executrix and the proceeds divided as follows:

"1. An undivided one-half (1/2) to my daughter Nea Bell Michaels Murphy;

"2. An undivided one-half (1/2) to the following grandchildren, Beulah Jane Michaels, Paul B. Richards, Marilyn May

Michaels, Neoma Ruth Michaels and Robert Louis Michaels, share and share alike.''

The petition to contest the will was filed by the plaintiff, Ethel Carnicom, a daughter of the decedent, Burton J. Michaels.

The following persons were made parties defendant:

Nea Bell Murphy, a daughter, individually and as executrix of the estate of the decedent; May Michaels, widow, surviving spouse of the decedent; Loyal T. Michaels, a son of the decedent; and Beulah Jane Michaels, Paul B. Michaels, Marilyn May Michaels, Neoma Ruth Michaels and Robert Louis Michaels, grandchildren of the decedent.

Five grandchildren, who are the children of the defendant Loyal T. Michaels, a son, who is a devisee under the will, and also a grandchild who is the daughter of the defendant Nea Bell Murphy, a daughter of the decedent and devisee under the will, had not been made parties at the time of the dismissal of the action, although leave was sought by plaintiff, in the motion for vacation of the judgment and for a new trial, to make the foregoing named grandchildren parties defendant, which leave was denied by the court.

The question presented on this appeal is whether the grandchildren who are parties defendant and who were served with summons within the time limited for the commencement of the action, are united in interest with the grandchildren who were not made parties or served with summons, so that the action may be considered as having been commenced as required by law.

We consider that no purpose would be served by a detailed analysis and interpretation of the decisions of the Supreme Court applicable and controlling in a determination of the question of the persons who are required to be made parties and summoned in order to commence and prosecute effectively an action to contest a will.

It is the considered conclusion of this court that the decision of the Supreme Court in *Gravier* v. *Gluth, Exrx.,* 163 Ohio St., 232, 126 N. E. (2d), 332, relied upon by appellees, did not require a dismissal of the action by the Court of Common Pleas for want of jurisdiction by reason of the absence of necessary parties.

It is our view that the Supreme Court determined in the *Gravier case, supra,* that the action could not be considered as having been commenced for the reason that necessary parties defendant, who were heirs-at-law, had not been served with summons within the time required by law, and, although plaintiffs were heirs-at-law and united in interest, that fact did not avail for an effective commencement of the action when the law required that necessary parties defendant must be served with summons in order to commence the action.

The determinative issue in the decision by the Supreme Court in the *Gravier case, supra,* which affirmed the decision of the Court of Appeals, Eighth Appellate District, Cuyahoga County, was considered in the opinion of the Court of Appeals. *Gravier* v. *Gluth, Exrx.,* 99 Ohio App., 374, 119 N. E. (2d), 663:

" '3. The sole beneficiary, under a will, who is neither an heir at law nor next of kin of the decedent, is not "united in interest" with decedent's heirs at law or next of kin.

" '4. An action to contest the validity of a will is not commenced as to the heirs at law of testator by service of summons upon such sole beneficiary within six months from the date of probate, where such sole beneficiary is neither an heir at law nor next of kin of decedent. (*McCord* v. *McCord,* 104 Ohio St., 274, approved and followed.)

" '5. In such action where none of the heirs at law or next of kin is served with summons and no person "united in interest" with them is served within six months from the date of probate there is a failure of compliance with Section 12080, General Code, specifying who must be made parties, and the Court of Common Pleas is without jurisdiction to entertain such action.'

"The trial court, while commenting on the 'logic and good sense' of *Bradford* v. *Andrews* [20 Ohio St., 208], *supra,* expressed the view that *Case* v. *Smith* [142 Ohio St., 95], *supra,* is now the controlling authority which should be followed in the instant case.

"From the facts above noted, it will be observed that the six months limitation prescribed by Section 12087, General Code (Section 2741.09, Revised Code), terminated March 8, 1951.

"It is here conceded that none of the heirs at law or next of kin was served with summons within the six-month period made a condition of limitation precedent for the right to sue, although three heirs at law were originally named as defendants. As in *Case* v. *Smith, supra,* only the sole beneficiary and the executrix were made parties and served with summons. In view of this factual situation, none of the heirs at law could be joined as defendants after the termination of the six-month period because none was *united in interest* with the sole beneficiary and executrix as provided by Section 11230, General Code (Section 2305.17, Revised Code), which, so far as applicable, provides as follows:

" 'An action shall be deemed commenced within the meaning of this chapter, as to each *defendant*, at the date of summons which is served on him or on a *codefendant* who is a joint contractor, or otherwise *united in interest with him.*' (Emphasis supplied.)

"Faced with this dilemma, the original plaintiffs then sought to join the three heirs at law originally named as defendants, but not served with summons, together with nine other heirs at law later discovered, as plaintiffs, but long after termination of the six-month period, on the theory that the said plaintiffs are united in interest with the original plaintiffs. This attempt is abortive, because there is no warrant for such action either by statute or at common law.

"Section 11230, General Code (Section 2305.17, Revised Code), is unavailing to plaintiffs because by its express terms it is limited to defendants and codefendants. There is no similar statutory provision favoring plaintiffs who may be united in interest. Had summons been issued upon the original heirs at law named as defendants, followed by service upon them, we would be confronted with an entirely different situation by reason whereof the nine heirs at law might be joined as codefendants because united in interest as provided by Section 11230, General Code (Section 2305.17, Revised Code). However, as we do not have this question before us, it is not necessary to discuss or decide it. In any event, we are certain that the obvious jurisdictional defect in procedure cannot be cured by unseasonably transferring the three parties originally named as defend-

ants to the plaintiff's side of the petition, and belatedly adding other heirs at law as plaintiffs.''

It is, therefore, our conclusion that the action had been commenced within the time required by law, since the grand-children, as defendants, were served with summons within the six months period of limitation, and that, by reason of their being united in interest with the grandchildren who had not been made parties or served with summons, the Court of Common Pleas erred in dismissing the action for want of jurisdiction.

The judgment of the Court of Common Pleas is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

CONN and FESS, JJ., concur.